The Honorable Bob Keltner State Representative 6608 Juniper Little Rock, Arkansas 72209
Dear Representative Keltner:
This official Attorney General opinion is issued in response to your recent questions regarding House Bill 1631, which prohibits any person who is holding more than one elective office from receiving compensation for more than one of the offices. It further requires such persons to choose the office for which he or she will receive compensation. You have presented the following questions:
(1) Is House Bill 1631 constitutional?
 (2) Can legislation change the Arkansas Constitution, or is a constitutional amendment necessary?
 (3) If House Bill 1631 is constitutional, how does it affect Amendment 55 and Act 742 of 1977, as amended?
RESPONSE
Question 1 — Is House Bill 1631 constitutional?
It is my opinion that House Bill 1631 is constitutional. No provision of the Arkansas or U.S. Constitution would prohibit the imposition of a requirement that dual office-holders receive compensation for only one of the offices.
Although the Arkansas Constitution clearly allows dual office-holding for certain officers, see Article 5, § 7, and although it establishes certain officers' compensation, see, e.g., Amendment 70, it is silent on the issue of dual compensation.
For this reason, I must conclude that the legislature is free to address the issue, as long as it does so in a manner that is otherwise consistent with the constitution. I find no portion of House Bill 1631 to be inconsistent with any provision of the constitution.
Question 2 — Can legislation change the Arkansas Constitution, or is aconstitutional amendment necessary?
As a general matter, the Arkansas Constitution cannot be amended by legislation.[1] It can only be amended by means of a constitutional amendment that has been passed in accordance with the procedures set forth in Article 19, § 22 of the Constitution, or with those set forth in Amendment 7 of the Constitution. Both of these procedures require (among other things) a majority vote of the electorate in order to amend the Arkansas Constitution.
Question 3 — If House Bill 1631 is constitutional, how does it affectAmendment 55 and Act 742 of 1977, as amended?
It is my opinion that House Bill 1631 does not affect Amendment 55 or Act 742 of 1977, as amended.
Amendment 55 is the set of constitutional provisions that address county government. Act 742 of 1977, as amended (codified at A.C.A. § 14-14-101et seq.) is the enabling legislation for Amendment 55. Neither Amendment 55 nor Act 742 contains any provision that would conflict with a requirement that dual office-holders receive compensation from one office only. Although Act 742 establishes the amount of compensation for certain county offices, it does not address the issue of dual compensation. Amendment 55 does not address the issue either.
I must therefore conclude that House Bill 1631 does not conflict with or otherwise affect Amendment 55 or Act 742 of 1977, as amended.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The General Assembly is given the limited power to amend Sections 5 through 15 of Amendment 51 to the constitution. See Ark. Const., am. 51, § 19.